REQUESTED BY: Senator Jerome Warner Nebraska State Legislature State Capitol Lincoln, Nebraska 68509
Dear Senator Warner:
You have requested our opinion concerning the interpretation of two statutory provisions dealing with the transfer of municipal court employees into the state county court and state probation systems. Specifically, you ask whether certain language in Neb.Rev.Stat. § 24-593 and29-2249.03 (Supp. 1984), providing that "no employee shall incur a loss of income" as a result of their transfer or classification, would prohibit the termination of such employees if the Legislature were to reduce funding for the systems.
Pursuant to these sections, effective July 1, 1985, municipal court employees were transferred into the county court system, and municipal court probation employees were transferred into the state probation system. In our view, the language in these sections providing that "no employee shall incur a loss of income" upon transfer or classification was intended to guarantee that the salaries and benefits accorded such employees would not be reduced at the time the systems were merged.
We do not believe, however, that this language was intended to confer upon such employees an absolute right to continued employment in the future, or to insulate these employees from subsequent reductions in salary or termination necessitated by reductions in funding by the Legislature. The determination of whether continued funding will be provided for these positions is within the discretion of the Legislature, and is a matter which is faced by all programs and agencies funded by the state. The decision is essentially a matter of policy which is the subject of legislative determination. In our view, the language in these sections cannot be interpreted to limit the discretionary power granted the Legislature to determine appropriations under Article III, Section 22, of the Nebraska Constitution.
Very truly yours,
ROBERT M. SPIRE Attorney General
L. Jay Bartel